[No. 40004. En Banc. February 11, 1971.]

FEDERAL SHOPPING WAY, INC., *Appellant*, v. O.K. INSURANCE AGENCY, INC., *et al.*, *Respondents.**

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Wallace B. Hager* (of *Hager & Young*), *Lisle R. Guernsey* (of *Howe, Davis, Riese & Jones*), *Daniel B. Ritter,* and *Allen D. Clark,* for appellant.

*Dore, Dubuar, Cummins & Badley, David C. Cummins, Fred H. Dore,* and *Orvin H. Messegee,* for respondents.

FINLEY, J.—In 1961 the appellant, Federal Shopping Way, Inc., entered into a real estate contract as purchaser with the Pezzellas as sellers. The contract purchase price was $160,000, of which appellant tendered $12,000 as a down-payment, and agreed to pay the remainder in monthly installments of $1,500 at 6 per cent interest. Property development was an important part of appellant's business. Acquisition of the property involved in this case was for the purpose of assembling a large tract of land to serve as a site for a regional shopping center. In 1963, the Pezzellas sold the property in question—subject to the appellant's outstanding interest as its purchaser—to the respondent, O.K. Insurance Agency, Inc. Both appellant and respondent are Washington corporations. In late 1964, appellant experienced significant financial difficulties, and was

*Reported in 481 P.2d 5.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

unable to meet its required monthly installment payments under the contract. On at least four occasions, appellant's delinquency resulted in notices from respondent of its intention to declare a forfeiture. By August 1965, appellant was delinquent both in the amount of $10,250 on installment payments, and in appellant's failure to pay 1964 and 1965 property taxes on the land as required by the contract. On August 18, 1965, the respondent sent to the appellant a notice of declaration of forfeiture of appellant's rights under the real estate contract.

Thereafter, several proceedings and events transpired which led, eventually, to the instant appeal: (1) Following the respondent's forfeiture of appellant's rights under the contract, the appellant commenced an action in superior court to *avoid the forfeiture* and to reinstate the contract. As a result of settlement negotiations between the parties, this action resulted in the signing and entry of (a) a stipulation for judgment and decree of forfeiture of appellant's rights under the contract, (b) a judgment and decree of forfeiture, and (c) an option for the appellant to purchase the disputed property (the terms of the option will be more fully examined subsequently herein). (2) Shortly before expiration of the option, appellant commenced a second action against the respondent which (a) asked the trial court for equitable relief to reinstate the real estate contract, and (b) asked the court to permit the appellant to purchase the disputed property pursuant to the original contract. This action was dismissed by the trial court on the grounds that the remedies sought were improper in light of the prior decree of forfeiture entered by the trial court in action (1).

Following the trial court's dismissal of its second action, the appellant: (3) filed a motion to vacate or modify the court's judgment in action (2) *supra;* and (4) filed an amended complaint relating to action (2) *supra.* The essence of appellant's contentions in both of these procedures was that the stipulated decree of forfeiture and the option arising from action (1) *supra* was, in fact, a usurious extension of the original real estate contract and, thus, appellant

was entitled to equitable relief in the form of reinstatement of its rights under that contract. Appellant's actions (3) and (4) were consolidated for purposes of trial. The trial court rejected appellant's contentions and found that the option was not usurious. The appellant appeals from this adverse judgment.

Before examining the merits of appellant's contentions, it is necessary to consider respondent's motion, filed before this court, to dismiss the instant appeal. The respondent argues that this case is now moot by reason of the legislature's enactment of chapter 97, Laws of 1970, Ex. Ses., p. 760, amending chapter 142, Laws of 1969, Ex. Ses., p. 1039 (now codified as RCW 19.52.080) to read:

> Corporations, Massachusetts trusts, associations, limited partnerships, and persons engaged in the business of lending money or the development or improvement of real estate in the state of Washington may not plead the defense of usury nor maintain any action thereon: *Provided, however,* That this section shall apply only to a transaction which involves an amount in excess of one hundred thousand dollars.

This identical issue was before the court in *Sparkman & McLean Co. v. Govan Inv. Trust,* 78 Wn2d 584, 478 P.2d 232 (1970); and argument on this issue in *Sparkman* and the instant appeal was consolidated for purposes of hearing before this court. There is no question that the appellant herein, Federal Shopping Way, Inc., comes within the provisions of the statute. The appellant is a Washington corporation whose principal business, at all times relevant to this appeal, was the assemblage of land for the construction of a shopping center. The disputed subject of the instant case involves a real estate contract, involving the purchase price of $160,000. The grounds of the appellant's actions herein are premised upon the defense of usury.

█ We held in *Sparkman* (1) that RCW 19.52.080 is not violative of the equal privileges and immunities/ equal protection clauses of our state and federal constitutions either on the grounds that the statute is discriminatory in nature or that it is an unreasonable classification; and

(2) that parties have no vested rights under preexisting provisions of our usury statute. In light of our determination in *Sparkman,* the instant appeal is similarly mooted by the legislature's enactment of RCW 19.52.080 and this should dispose of the matter.

However, certain allegations raised by the appellant, Federal Shopping Way, persuade us in passing to advert briefly to the merits of the issues presented in the instant appeal. The appellant assigns 10 errors to the trial court's denial of relief to it in actions (3) and (4) *supra.* In essence, however, these numerous assignments relate to a single question—*i.e.,* was the option granted the appellant to purchase the property following the decree in action (1) *supra* (forfeiting the appellant's rights under the original real estate contract) *a sham operation* thereby requiring the court to consider the original contract and option prices as a single transaction, the result of which would be a usurious contract?

As previously indicated, subsequent to forfeiture of its rights under the real estate contract, the appellant commenced an action to avoid the forfeiture and to reinstate the contract. During recess periods in the trial of this action, the parties engaged in various settlement negotiations. It was clear that the appellant, Federal Shopping Way, was delinquent in its performance of the contract. It was also apparent that the appellant was not then financially able to meet its obligations under the contract. The respondent was willing to allow the appellant an opportunity to obtain the disputed real estate; however, due to the tenuous financial condition of Federal Shopping Way, the respondent was adamant that the appellant be declared to have forfeited its rights under the contract. As a result of the parties' negotiations, a settlement was reached, signed and entered into by the parties. It provided for an option in the appellant to purchase the land, a stipulation for judgment and decree and a judgment and decree of forfeiture.

Under the terms of the option, the appellant was to pay $5,000 in consideration for the option and, if exercised, a purchase price of $135,000 for the land. The option was to

run for 30 days, after which time the appellant could, on a month-to-month basis, extend the option up to an additional 6 months. For each additional month extension, the appellant was to pay $2,500 in consideration for the option and, if exercised, an additional $10,000 upon the initial purchase price of $135,000.

The appellant, Federal Shopping Way, alleges that this option was forced upon it at a time when, if it had any hope of keeping an interest in the disputed property, it had no choice but to accept the option upon the respondent's terms. However, even if we grant the truth of this contention for the sake of argument, it states no grounds upon which to premise the appellant's right to relief. The trial court expressly found that no fraud was practiced by the respondents in securing the stipulated decree of forfeiture. Absent such a showing, the appellant is not entitled to have the particular decree set aside; because there is no question on the facts presented that the appellant was in default on his obligation and that the respondent was thus entitled to a decree of forfeiture. Undoubtedly, forfeitures are always regrettable, but this is the most that can be said. Beyond this, however, we are inclined to agree with the trial court's assessment of the evidence presented that

[t]he parties, as well as their counsel, understood  .  .  . particularly, that [appellant's] purchaser's interest under the real estate contract was terminated and that [appellant's] sole interest in the real estate was as an optionee with the opportunity to buy the land at the price and on the terms contained in the option.

.  .  .

[Appellant] asks equity but has not done equity. [Appellant's] financial difficulties have precipitated [its] plight, none of which can be attributed to [the respondents who] responded to [appellant's] continuing delinquencies for a substantial time with understanding and forbearance despite the burden upon [themselves].  .  .  .  [Appellant] agreed to settlement of the prior lawsuit by stipulated judgment and an option to purchase land and then repudiated it when its financial circumstances would not

permit exercise of the option. . . . [Appellant] lacks equitable grounds for relief.

A final contention by the appellant deserves our comment. A bulk of the appellant's property was subject to mortgages held by Federal Old Line Insurance Company. Federal Old Line, which itself was the subject of impending bankruptcy, had previously been required to execute a mortgage on all its assets running in favor of the state of Washington. By its terms, the mortgage could not be satisfied without prior court approval. The appellant alleges, in essence, that one of respondent's counsel, who had previously been appointed as a special assistant attorney general to represent the state Insurance Commissioner in litigation against Federal Old Line, improperly worked *against* the state's granting of a release of its mortgage on Federal Old Line's property. We concur with, and deem it important to emphasize, the trial court's finding that the conduct of counsel was nothing other than proper, and simply to be expected from competent counsel. In short, counsel's actions in no manner amounted to overreaching or perpetration of a fraud upon the appellant.

For the above reasons, the instant cause is moot, and respondent's motion to dismiss appellant's appeal is therefore granted.

HAMILTON, C. J., ROSELLINI, HUNTER, NEILL, and STAFFORD, JJ., and RYAN, J. Pro Tem., concur.

HALE, J. (concurring in the result)—I am of the view that RCW 19.52.080 is unconstitutional and void. In suspending the operation of the usury statutes when loans exceeding $100,000 are made to certain described legal entities, I think it violates the equal protection, privileges and immunities clauses of the state and federal constitutions. I would affirm on the merits, and, therefore, concur in the result, not to dismiss the appeal but to affirm the judgment of the trial court.